Shirley McQUILLAN, et al., Plaintiffs–Appellees–Cross–Appellants,

v.

SORBOTHANE, INC., et al., Defendants–Appellants–Cross–Appellees.

Nos. 89–55326, 89–55329 and 89–55332.

United States Court of Appeals, Ninth Circuit.

May 6, 1994.

Before: TANG, O'SCANNLAIN, Circuit Judges, and MARQUEZ,* District Judge.

The mandate in this case issued October 19, 1991. The Supreme Court denied the petition for certiorari of appellants Sorbothane, Inc., Hamilton–Kent, BTR and Kenneth M. Leighton. *See Sorbothane, Inc. v. McQuillan,* — U.S. —, 113 S.Ct. 1358, 122 L.Ed.2d 738 (1993). Thus, the judgment is final as to these appellants.

As to the appellants Spectrum Sports and Kenneth B. Leighton, Jr., the Supreme Court granted their petition for certiorari for

---

* Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation.

the limited purpose of deciding whether proving an attempt to monopolize under Section 2 of the Sherman Act requires proof of a dangerous probability of monopolization of a relevant market. *See Spectrum Sports Inc. v. McQuillan,* —— U.S. ——, ——, 113 S.Ct. 884, 889, 122 L.Ed.2d 247 (1993). The Court held that such proof was required, and reversed our prior decision as to Spectrum Sports and Kenneth B. Leighton, Jr. and remanded for further proceedings consistent with its opinion. *Id.* at ——, 113 S.Ct. at 892.

However, the Court has been informed by counsel that the appellees' judgment has been paid in full by Sorbothane, Inc., Hamilton–Kent, BTR and Kenneth M. Leighton. Further, the appellees have taken the position in their brief filed January 24, 1994, that this case has been settled and that litigation between them and Spectrum Sports and Kenneth B. Leighton, Jr. has ended. Accordingly, we vacate the judgment as to Spectrum Sports and Kenneth B. Leighton, Jr. because of mootness and remand to the district court with directions to dismiss. *See Karcher v. May,* 484 U.S. 72, 82, 108 S.Ct. 388, 391, 98 L.Ed.2d 327 (1987) (holding that the established practice in the federal courts when a case becomes moot is for the appellate court to reverse or vacate the judgment below and remand with directions to dismiss).